```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

JEREMY CANTRELL CONN,          )
                               )
               Plaintiff,      )       4:03CV3237
                               )
          v.                   )
                               )
BOBIE TOUCHSTONE, et al.,      )       MEMORANDUM OPINION
                               )
               Defendants.     )
_____)
```

This matter is before the Court on the motion for summary judgment (Filing No. 83) filed by the remaining defendants, Plattsmouth police officers Andrew Kenon and Niel Thomas. Also before the Court is the objection to summary judgment (Filing No. 86) filed by the plaintiff, Jeremy Cantrell Conn.

According to the plaintiff, Officer Thomas violated the plaintiff's rights in an arrest on February 2, 2003, tampered with evidence, and gave false testimony against the plaintiff. Officer Kenon allegedly threatened and harassed the plaintiff's co-defendant and a witness. The defendants' actions contributed to the plaintiff's conviction in the County Court of Cass County, Nebraska. That conviction was later used to enhance the plaintiff's sentence in a federal prosecution.

The plaintiff has not obtained a favorable outcome on direct review or in a habeas corpus or other collateral attack on his state or federal conviction or sentence. His allegations of

perjured testimony and tampering with evidence, if true, would cast doubt upon the validity of the plaintiff's state conviction and his federal sentence.

The United States Supreme Court, in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would necessarily implicate the validity of continued confinement for a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his confinement.  *See Heck v. Humphrey*, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so

>  invalidated is not cognizable under § 1983.

*Accord Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (plaintiff's claim that police unlawfully "planted" evidence on him was barred by *Heck* and properly dismissed). *See also Muhammad v. Close*, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 . . . (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.  Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.  In *Heck v. Humphrey*, 512 U.S. 477 . . . (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence

> . . . . In each instance,
> conditioning the right to bring a
> § 1983 action on a favorable result
> in state litigation or federal
> habeas served the practical
> objective of preserving limitations
> on the availability of habeas
> remedies.

The principles of *Heck v. Humphrey* also apply to federal prisoners. *See, e.g., Okoro v. Callaghan*, 324 F.3d 488, 489, 490 (7th Cir.), *cert. denied*, 539 U.S. 910 (2003) ("if [the plaintiff, a federal prisoner] cannot prevail in his claim . . . without undermining the criminal case against him, then he is barred by *Heck* unless and until he knocks out his conviction, which he has never done . . . . It is irrelevant that he disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.").

Because the plaintiff alleges that the defendants' actions caused the plaintiff to be wrongly convicted in a state court and unfairly sentenced in federal court, the plaintiff must first prevail in a habeas corpus or similar proceeding before he may bring this civil rights action against the defendants. A

separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of October, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court